Would you call the first case please. Will the attorneys who are going to argue the case please approach the podium, identify yourselves, the party you represent and indicate how much time you would like to remain silent. Yes sir. My name is Mark Battaglia. I'm one of the attorneys for Pedro Caraballo. It's a 20 minute argument. I would ask for three minutes of rebuttal. Very well. Assistant State's Attorney Matthew Connors on behalf of the people. People anticipate a similar amount of time. Thank you. Very well. Any relation to Leo Battaglia? I wish. Do you know who that is? Who? Which one? Leo Battaglia? No, I don't know. Was he a policeman? No, a motivational guy from history. He may be still alive. Leo Battaglia? In the 1980's he was a lot of motivational type stuff. I'm sure someone in the courtroom has heard of him. Did he write the book Love? You're reading into his time. I'm sorry. I don't want to get into your time. Oh, okay. That's all. Now you have 11 minutes. Okay. You're all kidding me. Take your time. Cover what you need to cover. All right. So Mr. Connors, Mr. Sotiropoulos, Mr. Caraballo, and please support. So on November 10th, 2013, Pedro Caraballo was stopped by Officer James Captain of the Hickory Hills Police Department. Officer Captain suspected that he might be under the influence of alcohol. Arrested Pedro, brought him to the Hickory Hills Police Station, had him take a breathalyzer test. Pedro agreed to take. Pedro blew over the legal limit, allegedly, and was charged with two counts of driving under the influence of alcohol. The procedures used to take the breathalyzer test, to administer the breathalyzer test, were in order, but for the fact that Officer James Captain did not have a valid breath alcohol operator's license on that day. There was some extensive litigation in the circuit court. A motion to suppress evidence was filed by Mr. Sotiropoulos. Sotiropoulos was originally granted. State filed a motion to reconsider. That was granted. Mr. Sotiropoulos filed a motion to reconsider. The motion to reconsider, that was denied. It went to a jury trial. Mr. Caraballo was found guilty of two counts of driving under the influence of alcohol. Sentenced, and he has since successfully completed the terms of that sentence. So the issue here is whether or not a breathalyzer result should be suppressed when the police officer administering the breathalyzer machine, when his license has expired for any amount of time, or whether the state can correct that by proving that the breathalyzer was administered properly and the results are otherwise reliable. We are urging this court to overturn the circuit court's ruling and find that the breathalyzer results must be excluded when the breath alcohol operator's license is expired. Is it correct that his license was renewed the very next day? Yes, sir. It was expired on the 5th. He testified that he learned nothing new. He received no new procedures during his relicensing. Is that correct? That's correct. The machine hadn't been updated in the Hickory Hills Police Department. It was otherwise a well-functioning machine, officer competence, otherwise a capable, competent officer. So that's right. But the law does not allow the breathalyzer results to come in. So where do we find the law governing that? You can find it at 625 LCS 5-11-501.2. And that law contains mandatory language. It uses the word shall in three places. When such a test is made, the following provisions shall apply. Chemical analysis of a person's breath that be considered valid shall have been performed according to standards promulgated by the Department of State Police. By an individual possessing a valid permit, the Director of State Police is authorized to approve satisfactory techniques or methods to issue permits which shall be subject to termination or revocation at the direction of the Department. So the next place to look for law then is the Illinois Administrative Code. And you can find law relevant to this test then at 20 Section 1286.111. Again, the word shall, a mandatory word, a mandatory language is used in two locations. A license shall be valid for a period of three years after the printed date of issuance. If the license is not renewed as provided in Section 1286.110, it shall expire three years after the printed date of the issuance. So we find the word shall in five places directing that a person has to have a valid license and that these rules and regulations have to be complied with. So is this language mandatory or is it merely directory in nature? The Illinois Supreme Court has ruled on that already in the case of People v. Woolf. They devote about a page and a half. The state's attorney in that case argued that a change in the law, the admission of breathalyzer tests, used to be tacked on to the DUI statute 11501. But in the early 80s, the legislature passed a new statute, 11501.2. In the old statute, the word must was used. In the new statute, the legislature went to the word shall. The state used this as an opportunity to argue that there was an intent on the part of the legislature to change the mandatory nature of the word must. The case of People v. Woolf delved into that issue and determined that the state's attorney was mistaken, that the word shall is mandatory in nature. So that issue has been decided by the Supreme Court. You also find mandatory language in the case of People v. Woolf. In that case, the Supreme Court decided what is the foundational requirements to get the breathalyzer test entered into evidence. They have five foundational requirements. And I'll quote from that case, such a foundation will include, not may include, but will include. That word, too, is mandatory in nature. And the second prong of those foundational requirements is that the operator was certified by the Department of Public Health. That was in the old days. Now it's the Director of State Police that certifies the case of People v. Smith updated that. But the operator has to be certified by the Department of State Police. In this case, he clearly was not certified, not on that day. What about their argument that, you know, the five days he wasn't licensed for six days is de minimis, and that the court found that the testing was all done correctly and truth-seeking and reliability and things like that, that the state argues is more important than the couple of days? Well, there's two arguments to that. Suppose that Mr. Caraballo had a gun, and his Ford card expired five days prior to the discovery of that weapon. Mr. Caraballo could have come into court and said, look, I've had this gun for ten years. I shoot it off once a month. I'm highly skilled at this gun. I'm a military veteran. I know what I'm doing. It won't matter. He'll be charged with UUW. It's a felony, and it's because his Ford card was expired. The expiration of certain licenses in this state, when they expire, if you continue to engage in that certain activity, you can be charged with a crime, and the same standard should apply to the police. My second response to that is this. There's a due process argument in Orth. The question arose, is it a violation of due process to make a notice, prove that he wasn't under the influence, in a statutory summary suspension hearing? And the Orth court looked into the three-prong test for due process. And the second prong is the risk of erroneous deprivation. And it basically said that having the police have to prove, switching the burden of proof onto the motorist allows for laxity in the police department following these rules. So it decided the second prong of due process in favor of the motorist. Now, the other two prongs went in favor of the state. The motorist eventually lost. But you can think of the state of Illinois as having a DUI enforcement system. And this system consists of police officers patrolling the streets. It consists of training for these officers. It consists of devices to collect bodily fluid for testing. DUI kits are given to state troopers and police officers that assist in the collection of blood that can be tested by the Illinois State Police Crime Labs. There's laws that make it easier to obtain records over HIPAA when a motorist is suspected of driving under the influence. And we have created in this state a lot of confidence in the DUI system. When a client comes to me and says, I have a DUI over the legal limit, I know that guy's in trouble. Without even looking at the discovery, I know that guy's in trouble because I have confidence in the breathalyzer machine. And the judges that listen to these cases have confidence in the breathalyzer machine. So because we have such confidence in the system, a lot of these cases end up going to plea and you save a lot of time in terms of litigation. But why do we have confidence in that system? The reason we have confidence is because we have a set of rules that are in place and those rules are followed. The court said breathalyzer tests were generally valid, which is true, but not foolproof. The validity depends in great measure upon the maintenance and calibration of the machines and the training of their personnel. It cannot be denied that placing the burden of proofs upon the state would reduce the risk of erroneous results very significantly. State law enforcement personnel are highly likely to be lax in their breathalyzer procedures if they know that they will have to prove the results or face the rescission of a summary suspension. In order to maintain confidence in that system, you have to take cases like this and say, look, even though Captain was certified at one time, even though he followed the proper procedures, otherwise a 20-minute observation period, replacing the mouthpiece, everything that went into it, because your license is suspended, because you let it lapse, we're going to suppress the results because that officer confidence is going to keep you and the Hickory Hills PD and every other police department in the state on its toes. Now, the defendant was found guilty of two counts, right? Driving with an alcohol concentration of .8 or more and then driving under the influence of alcohol. You're only contesting the first, so I'm clear on this. Yes, sir, but what follows directly from that is the results of the A-2 prosecution. A-1 is the breathalyzer, A-2 is going through, it's just the officer's observations, the client's under the influence. That piece of evidence is so great that it inevitably must have affected the judgment of the jury on the A-2 counts. You don't argue that in your brief. You don't argue the sufficiency of the evidence. You don't argue that it was prejudicial toward the other counts. You really raise no issue as to the driving under the influence count. But this court's ruling, if you ruled in favor of Pedro in this hearing and you threw out the A-1 conviction, your holding would have, the case would really have no merit. Right. What about all the testimony about his failure of the performance test, strong odor of alcohol? You know, the standard testimony of police officers as to why he stopped him in his conduct after the stop, during the stop, and everything else. Couldn't the jury find him guilty? And they did find him guilty of driving under the influence based on that testimony. They could and they might again. But you didn't raise it on appeal. That's the difficulty. And he was sentenced, I take it, concurrently on both counts. Yes. Is there any sentencing order in the record? Did they merge? Yes. So he was sentenced on both counts or one count? They merged. Okay. Into what count? That I do not know, Your Honor. We can find it out. Yes. But the difficulty is that if you are correct on the matter you argued in your appeal, you raised nothing as to the sufficiency of the evidence or the prejudice that that testimony regarding the test had on the other count. Your Honor, I should have raised that, but I didn't. But I think it practically goes without saying, I think, that the breathalyzer result is a major piece of evidence. And if the State, you know, it's not de minimis. This is not like throwing out the horizontal gaze and I stagger the steps. This is a major component of the State's case. And if it does not exist, it could not possibly have not had an effect on the jury. Because the problem that you're dealing with here is that even if the judge had not admitted the breath test, the jury could have still found him guilty on the A2 for having been under the influence of alcohol while in control of the vehicle. And that happens quite often where the person doesn't even blow and they're still found guilty under A2. And because you didn't argue that, you've not effectively given this Court an opportunity to even deal with that issue. Well, the Court should overturn the verdict. If evidence was got in, a major piece of evidence, there's no question that this is an extremely important piece of evidence. There's two different standards. You realize there's two different standards? Yes. Because under A1, you've got to overcome a presumption. Under A2, you don't. But the jury found him guilty as to both. So you would be in effect asking us to throw out the jury verdict when that's not necessarily an issue under A2. The breath test is not an issue under A2. And I know you understand how this works. Yes. Because you do this all the time. Yes. I understand, but I don't think if this evidence was improperly admitted at the trial and it's such an important piece of evidence. Well, jump to that real quick. If it were improperly admitted, what's the standard of review for the admission of evidence? Well, in this case, it would be. . . It would be a review of discretion for the admission of evidence, correct? Well, not in this case. The standard of review should be de novo because there's no question about the facts, right? Everyone agrees what the facts are. Those are pretty much uncontested, at least in regard to the licensing of Officer James Compton. Well, as to the issue of admission of evidence, though, it's always an abuse of discretion. I think what you may be arguing is that whether or not the state was able to provide a foundation for the admission of evidence, that's where you may get to de novo. Yes. Yes, which clearly, clearly could not. And you're applying undisputed facts to the law. And this court is basically in the same position as the circuit court to do so. The facts are not. . . We're not in any kind of dispute. It's just a matter of interpreting the statute, the case law, and saying, look, based on this set of facts, our position, of course, as we're urging, is that this piece of evidence, this preferential result, should not have been admitted into evidence. So jumping back to Justice Pierce's question, assume that if this court were to find that you're correct, that it should not have been admitted because of the certification, because it actually goes to the issue of foundation. Yes. And if this court were to agree with you, how do we then get to the A2, which is a different standard and doesn't even require a break test? How do we get there? Well, the standard, I believe, is proof beyond a reasonable doubt. And if you take away a breathalyzer test, you completely alter the jury's deliberation in this. You can't. . . It's not a de minimis piece of evidence. And the trials are not perfect things, but when they reach a level of imperfection that's impowerable, then the entire trial has to be thrown out and you start over again. We're at that point. That breathalyzer test never should have been entered into evidence. The state must have considered it for both of those charges, the A1 and the A2. My memory is, and I'm not finding it here real fast, that the state said in their response that you were only contesting the A1. And there's nowhere in the record that you were contesting the other conviction. Yeah, we're contesting the entire. You don't say that in your notice. Well, even the motion to eliminate only focused on the A1. The motion to eliminate to exclude the results of the breathalyzer test. It's on page 21 of the state's report. Is that where it is? Okay, thanks. Thank you. That's it, yeah. Okay, again, my argument is even in an A2 prosecution, if you take away the results of the breathalyzer test, you've eliminated a major piece of evidence for the state. I don't think this court could really reasonably overturn the A1 conviction and not remand it for a new trial on the A2. It would almost be pointless. That might be a good argument if you raised it in your brief, if you raised it in your notice of appeal. We just can't, contrary to what some people view what we do up here, we just can't do these things out of the blue. That's an obstacle. Okay. Do you have anything else that you want to bring to our attention? Look at point one of your notice of appeal. Well, I ask the court to vacate the findings and judgment of the circuit court. I don't ask them to vacate just the judgment on the A1. In your notice of appeal? No, in the, at the end of the brief. Well, okay, but your notice of appeal, point seven, this is an appeal from the order of denying a motion to eliminate or exclude the breath results. Renewed in trial, also denied. Eight, if the appeal of the judgment of the circuit court, if the home and unconstitutional statute of the United States were of this date, copy of the court's findings made in compliance with Rule 18 shall be applied to the notice of appeal. You know, I don't want to belabor the point, but I'm just alerting you to the fact that I think my colleagues would agree, we don't see anything in here contesting the A2 conviction, and I think our review of the record indicates that there was, if we take the evidence in the light most favorable to the state, there was sufficient evidence upon which a jury could find he was, the client was driving under the influence of alcohol. So we'll give the state a chance to respond, and feel free to look at your notes. Okay. Thank you, Iris. Mr. Connors? The first issue this court has drawn its attention to is whether or not the officer's breath license, the fact that he was expired at the time, somehow obviates the admission of that breath ticket. Noticeably silent from any defendant's argument so far is the notion and the discussion of substantial compliance. Substantial compliance in this concept has a number of cases which have already come out squarely against the argument being articulated by the defendant. So if a lawyer, if you're a lawyer, if a lawyer was suspended and the lawyer appeared in court on a case on yesterday, and then the Supreme Court released his license and he's now allowed to practice on today, but he appeared in court yesterday, you would say that that's denial? Because I think that would be a serious problem for that lawyer who appeared in court yesterday, who didn't have a license to practice law. I would be inclined to agree with two premises. First of all, I cannot speak directly to the issue of the unauthorized practice of law. I can't speak as to the element of that offense, so I don't know if there is corresponding case law like we have under this case. The notion of substantial compliance is squarely defined along the terms of the admission of breath and blood evidence. But that's not based on licensing. It's not expressly on licensing under this case. It has been held to apply in certification machines, the voiding of the bladder that this court held in 2015, and two different courts have held that the 20-minute observation period is subject to substantial compliance. So we know that there is not this draconian must language that is controlling. Courts look at whether or not the outcome is justified. Both the parties have cited Peeper v. Ebert, and in that case, it's found in the defendant's brief at page 15. The court specifically states, We are therefore reluctant to relax the standards of doing so that would require inquiry into the scientific basis for a particular standard. However, when it is clear that a particular deviation from the mandated procedures does not pertain to a matter of science, the court is perfectly competent to determine whether, in a given case, the deviation compromised the integrity of the testing process. So the requirement of the code and the statute that the operator be licensed is surplusage? It's not surplusage. It's just... So it's important. It is important. It is in the code. However, it does not compromise, especially in this case, the integrity of the test. If somebody is caught with a gun in their flight car, expired five days earlier, the state would prosecute. Yes. If a commercial, if a truck driver was stopped for some traffic violation, and he didn't have a valid CDL because it expired five days earlier, the state would prosecute. I mean, all these licensing requirements mean something. I mean, why should it mean nothing in this case where the operator was not certified at the time the test was administered? Because it's not the people's position that it means nothing. It's the people's position that under this case... Why should it be different than a void card or a CDL? If I could just follow up. Absolutely. Any license. Because, you know, you said the unauthorized practice law, but medical, any license. Please think of any license that someone can operate, that's required to have a license, that operates without it, that somebody said has been in it. Is there any license that you can think of? Because I couldn't think of one. I don't have any information available to me at this time. But again, the notion that there is this hard and fast rule simply isn't borne out based upon the application of both 11501 or the Illinois Administrative Code. Because for the same reasons that defendant has said, must, must, must, courts in review have looked at it and said, well, actually, if we can have confidence in the outcome, and neither trial counsel nor appellate counsel has stood before this court and said, we have any doubt about the confidence of the outcome. The testing procedures were followed. The officer was available for cross-examination. The state trooper came in and talked about the testing procedures for the machine. So there is no question as to whether or not the outcome of the test was appropriate. Instead, defendant was solely levied his challenge to whether or not the temporary expiration somehow negates all of that other evidence. Well, take your example. Same evidence. Everything was perfect. And the operator had never been certified by the department. But he was just as smart as the officer in this case, just as competent, maybe smarter, Ph.D., and chemist-free or whatever. Would that be okay? Under those facts, it would behoove the circuit court to have a hearing to determine whether or not it was proper. Okay. The circuit court would have held that it was proper, that this competent person had never been certified, but that's okay because everything else had been complied with. Would you say that that is okay? Would that sustain the test in this case? Under those circumstances, Your Honor, I'm not sure that substantial compliance would have ever cost because you would have a question before this court whether or not a person, even with those qualifications, could amount to substantial compliance because there is simply not the evidentiary background that we have. As Justice Walker pointed out, the next day the officer testified, my license was renewed. So there is literally nothing that happened in the interim between the breath being issued to this defendant and the officer renewing his license. There is no question as to any of the procedures or the functioning of the equipment. So while defense counsel wants to talk about understanding the integrity of the outcome, there has never been any allegation that the outcome, based upon any aspect other than the lack of license, was, in fact, in error. With respect to Justice Griffith's question, page C-161 of the common law record is the minimalist in this case or the sentencing order. Both A-1 and A-2 are on that. So it does appear that the circuit court entered a sentence on both. There was never an explicit reference as to either count merging. So as this court has picked up, even if this court were to determine that the admission was somehow in error as to the A-1 count, there is no showing that the A-2 count was in any way infirm. The evidence included not only the defendant's poor driving, not only the fact the defendant attempted to hand the officer a bottle of Jack Daniels while he was still in the car. The defendant needed to use the car to support himself. He almost stumbled upon exiting the vehicle and then failed all of the field sobriety tests, made an admission into drinking, and at one point he attempted to start a field sobriety test before the instructions had even been given. The counsel raises another issue, though, that the jury received this evidence regarding the breathalyzer test that should not have been entered into evidence, and therefore that impacted how they found on the A-2 issue. Do you see that as a problem? I mean, one, that argument was not made. That's something that was just for the first time, so to be clear. Second of all, the notion that somehow that was irrevocably taint, this court has before it many other cases where there is ample additional evidence which would justify an independent basis. These facts do not justify otherwise removing a valid jury conviction. There is an independent basis just based upon the defendant's own conduct and defendant's own evidence of intoxication. There is a separate jury count this court would have to impute without any argument by defense counsel in the brief or any authority cited to this court that somehow the jury improperly considered evidence and somehow used that as determinative evidence without providing any basis to do so. If there are no further questions, then for all those reasons and those stating the people's brief, we ask this court to affirm the defendant's conviction. Thank you. Thank you. Mr. Battaglia? Yes, sir. So I want to go back a little bit to what the court was asking me about, I think the remedy in this case. In my notice of appeal, I do say that the appeal is from an order to deny a motion in limine to exclude the results of the breathalyzer test. I also mention that the motion was renewed at trial and also denied. I'm making reference to what's going on at trial. What I'm asking you to do is keep out, exclude evidence that frankly is otherwise good evidence. But when the court suppresses evidence, what's the purpose of that? We're essentially penalizing the police for doing something they should not have done. The evidence is otherwise good, but because you violated constitutional rights or because you didn't have your license, you didn't follow this law, you sustain a penalty. Well, there would be no point in this court overturning simply the old, the A1 verdict, right, and not remanding it for a new trial. There would be no real penalty for law enforcement, no real incentive for judges to follow this law. You would create a precedent without really a penalty or a benefit to Mr. Caraballo. I think there would be, what's the word, it just wouldn't be appropriate. And though there might be maybe some, a slight technical defect in the brief and in the argument, I think that the state has been put on good notice as to what the issues are here, and Mr. Caraballo should be returned to the state that he would be in had Judge Havas properly ruled on this motion at that time. And this is not small evidence. This, without a doubt, it could not possibly, I mean, we don't know what goes on inside the jury room, but it could not possibly have had no effect or not an unsubstantial effect on the jury's deliberation. So I respectfully urge this court to find that the testimony of the breathalyzer was improperly admitted and to overturn the verdict, both counts, and remand this trial for, remand this case for a new trial. Thank you, Your Honor. Thank you. We appreciate your efforts on both sides in briefing this issue. We'll take the matter under advisement. The court will stand in recess.